
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ASHLEY WHEELER,<br><br>Defendant/Movant. | Cause No. CR 07-135-BLG-SPW<br>CV 17-053-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Ashley Wheeler's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Wheeler is a federal prisoner proceeding pro se.

On April 9, 2008, Wheeler pled guilty to one count of conspiracy to possess over 500 grams of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); and one count of possessing a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). *See* Plea Agreement (Doc. 130) at 3-4 ¶ 6; She was sentenced on January 16, 2009, to a total of 180 months in prison. *See* Judgment (Doc. 193) at 1-2. Wheeler's conviction became final on January 30,

1

2009. *Gonalez v. Thaler*, 565 U.S. 134, 150 (2012).

Based on the Supreme Court's decision of April 3, 2017, in *Dean v. United States*, __ U.S. __, 137 S. Ct. 1170 (2017), Wheeler now seeks relief under 28 U.S.C. § 2255. *See* Mot. § 2255 and Mot. for Leave to Amend (Doc. 253) at 1-7. For the sake of argument, the Court will assume *Dean* could apply to cases, like Wheeler's, where the judgment was final years before the opinion in *Dean* was issued. But even so, *Dean* does not apply to Wheeler's situation.

*Dean* recognizes that a court may consider the length of a mandatory consecutive sentence under 18 U.S.C. § 924(c) in determining the appropriate sentence for another offense. *See Dean*, 137 S. Ct. at 1178. As applied to Wheeler's case, *Dean* holds that her mandatory consecutive five-year sentence on Count 3 may be taken into account in determining an appropriate sentence on Count 1. But Wheeler was sentenced to another statutory mandatory minimum term on Count 1. *See* 21 U.S.C. § 841(b)(1)(A)(viii); Plea Agreement (Doc. 130) at 4 ¶ 7; Judgment (Doc. 193) at 2. *Dean* did not authorize a court to impose a sentence below a statutory mandatory minimum.

Had Wheeler's sentence on Count 1 been determined under the factors set forth in 18 U.S.C. § 3553(a), including the guideline range, she would be in the same situation as the defendant in *Dean*. *See Dean*, 137 S. Ct. at 1175-76. But, in Wheeler's case, the sentence on Count 1 represented a variance from the advisory

guideline range of 135 to 168 months down to the mandatory minimum of 120 months. *See* Statement of Reasons (Doc. 194) at 5. Once the statutory mandatory minimum was reached, no other sentence was "available," *see* 18 U.S.C. § 3553(a)(3), and the sentencing court had no further discretion to exercise under § 3553(a). Since the § 924(c) sentence must run consecutive to "any other term of imprisonment," 18 U.S.C. § 924(c)(1)(D)(ii), Wheeler's sentence is and must remain 180 months.

A certificate of appealability is not warranted. Wheeler has not made a showing that imposition of two statutory mandatory minimum sentences deprived her of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Wheeler's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 253) is DENIED for lack of merit;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Wheeler files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-53-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Wheeler.

DATED this 5th day of May, 2017.

SUSAN P. WATTERS
United States District Judge